*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* QLM, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

Petitioner-Appellee,

v

QLM,

Respondent-Appellant.

UNPUBLISHED
March 16, 2026
9:42 AM

No. 374932
Berrien Circuit Court
Juvenile Division
LC No. 2024-000391-DL;
2024-000387-DL

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Respondent appeals the trial court's dispositional order referring him to in-home probation. Respondent was adjudicated after pleading guilty to one count of carrying a concealed weapon (CCW), MCL 750.227(2), and two counts of breaking and entering into a motor vehicle to steal property less than $200, MCL 750.356a(2)(a). We affirm.

## I. BACKGROUND

Respondent was caught breaking into two cars and attempting to steal items from them. After he was apprehended, a firearm was found in his backpack. He was later charged with one count of CCW and two counts of breaking and entering into a motor vehicle to steal property less than $200. Respondent pleaded guilty to all three charges.

At the dispositional hearing, respondent's probation officer recommended that respondent be released to in-home probation with a tether. Defense counsel asked the court to follow this recommendation but without a tether.

In its ruling, the court impressed upon respondent the dangers of firearms, especially for someone his age; discussed reports that respondent had been using marijuana and encouraged respondent to stop because the effects of marijuana on a developing brain had not been sufficiently studied; and commended respondent on his improvement in school and the steps that he had taken

-1-

to find a job. The court concluded that, on this record and in light of respondent's progress, the probation officer's recommendation—in-home probation with a tether—was appropriate.

This appeal followed.

## II. DISCUSSION

Respondent argues that his trial counsel provided constitutionally deficient assistance when he failed to request that the trial court give respondent a warning and dismiss the case.

Whether a party was denied the effective assistance of counsel presents a mixed question of fact and constitutional law—a trial court's factual findings are reviewed for clear error, while the constitutional question whether the party was denied their right to effective counsel is reviewed de novo. *In re LT*, 342 Mich App 126, 133; 992 NW2d 903 (2022). When, as here, there are no factual findings to review, our review is limited to mistakes apparent on the record. *Id*.

To prevail on a claim of ineffective assistance of counsel, the respondent must demonstrate that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Effective assistance of counsel is presumed, and the respondent bears a substantial burden of proving otherwise. *People v Johnson*, 293 Mich App 79, 90-91; 808 NW2d 815 (2011).

Respondent contends that his trial counsel was ineffective for failing "to make a request for a warn and dismiss resolution." Unfortunately, respondent wholly fails to explain why it was objectively unreasonable for his trial counsel to not make this request. By the time counsel could have made this request, respondent had already pleaded guilty, and his sentence was up to the trial court. While respondent's trial counsel certainly *could* have requested a lighter punishment, decisions like that are quintessential matters of trial strategy, and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242–43; 749 NW2d 272 (2008).

Regardless, respondent's argument also ignores the fact that his trial counsel did request a lesser punishment than was imposed. Respondent's trial counsel requested that respondent not be ordered to wear a tether, but the trial court apparently disagreed that a lesser punishment was appropriate because it placed respondent on probation with a tether. This alone demonstrates that, even if respondent's trial counsel had requested "a warn and dismiss resolution," there was not a reasonable probability that his sentence would have been different. See *Trakhtenberg*, 493 Mich at 51.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young